## SYLLABI OF CASES
## DECIDED LAST WEEK

See General Docket, Ante.

### No. 263

No. 18172—Mollie Lamb v. Carl Lehmann, trustee. Error to the Court of Appeals of Hamilton county

1271. WILLS—Devise of stock with power of sale and instructions as to payment of the net income to one person for life and remainder to another carries cash and property dividends to life estate and stock dividends to remainderman—Dividends upon stock not defined by testator, presumed to be his intent to depend upon action of board of directors.

MARSHALL, C. J.

1. Where a will gives to a trustee, in trust, certain shares of stock in a corporation, with power of sale and reinvestment, and instructions to pay "the entire net income thereof" to one person for life, with remainder to another, all cash or property dividends declared thereon shall be payable to the person holding the life estate, and all stock dividends, so-called, shall become a part of the corpus of the estate and be held by the trustee during the life of the life tenant and be distributed to the remainderman.

2. All cash or property dividends declared and paid upon stock dividends shall likewise be payable to the owner of the life estate during his life.

3. Where a will disposes of a net income upon stock in a corporation without defining the term "income" or limiting its meaning within or expanding it beyond that which would depend upon the regular action of the board of directors of such corporation, the testator will be presumed to have had in mind the lawful power and control of the corporation over the use and distribution of profits.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 264

No. 18028—William Embleton et al v. John B. McMechen et al. Error to the Court of Appeals of Belmont county.

473. ESTATES—Words of inheritance or perpetuity are required to pass a fee simple estate in premises forfeited by violation of condition subsequent—Without them only a life estate passes—Life tenants cannot compel participation—Where forfeiture for such breach attempts to secure performance of a principal obligation enforceable at law, courts of equity will not aid.

JONES, J.

1. Where an estate is created by way of forfeiture, upon violation of a condition subsequent, words of inheritance or perpetuity are required to pass a fee simple estate in the forfeited premises.

2. If, upon the failure to perform such condition, the grantees agree to forfeit part of the estate granted to specified persons without using such words of inheritance, a life estate only passes to such persons.

3. In this state life tenants cannot compel the remainderman to suffer partition of their interests.

4. A court of equity will not lend its aid to enforce a forfeiture for the breach of a condition subsequent, where the forfeiture attempts to secure the performance of a principal obligation payable by a definite sum readily compensable in an action at law.

Judgment reversed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 266

No. 18331—J. B. McLain et al v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

1y8. AUTOMOBILES—Motor transportation companies, must, before beginning, secure certificate to operate over streets, from the Public Utilities Commission, and in deciding upon its issue, it may determine the adequacy of present public service upon the route, and the result of the service tendered by the applicant.

ROBINSON, J.

1. By the act of March 29, 1923, defining motor transportation companies, conferring jurisdiction upon the Public Utilities Commission over the transportation of persons or porperty for hire in motor vehicles, and providing for the supervision and regulation of such transportation (110 O. L., 211-223), it is made unlawful for any motor transportation company, as defined in that act, to transport or carry persons or property, or both, between fixed termini, or, over regular or irregular route, over any public street, road or highway in this state, after the date of the act goes into effect, without first having secured from the Public Utilities Commission of Ohio a certificate declaring that public convenience and necessity require such operation.

2. By the act, all persons not actually operating in good faith upon the date of the filing of the act in the office of the Secretary of State, who thereafter begins or desire to begin such operation, are required to file an application for such certificate with the Public Utilities Commission of Ohio, as provided in Section 614-90, General Code, who shall determine whether the public convenience and necessity require the operation of a motor transportation company over the route designated in the application, and, in accordance with such determination, shall grant such certificate of public convenience and necessity upon the compliance of the applicant with the other provisions of the act and the rules and regulation of the commission, or refuse to grant same.

3. In determining whether public convenience and necessity require such motor transportation service, the Commission shall consider whether the public proposed to be served by such motor transportation company have or have not adequate common carrier transportation service independent of the service proposed to be rendered by the applicant, and whether the additional service proposed to be rendered by the applicant will result in the public receiving more adequate or less adequate service.

Marshall, C. J., Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.